UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| RICHARD C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | § § § § § § § § § § § § Civil Action No. 1:18-CV-83 |

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), the plaintiff seeks judicial review of the decision of the Commissioner of Social Security, who denied his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The Senior United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case dismissed.

**I. STATEMENT OF THE CASE**

Plaintiff filed an application for DIB and SSI on May 22, 2015, alleging impairments that were disabling as of July 1, 2014. That application was denied initially and after reconsideration.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies the Plaintiff only by first name and last initial.

[2] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).Title II governs disability insurance benefits. *See* 42 U.S.C. §§ 401-34.

The plaintiff requested a hearing, which was held before an Administrative Law Judge on January 11, 2017. The ALJ issued a decision on February 21, 2017 finding the claimant was not disabled.

Specifically, the ALJ found during step one that the plaintiff had not engaged in substantial gainful activity after the alleged onset date. (Doc. 16-1, 22). At step two, the ALJ found he had the severe impairments of osteoarthritis of the shoulders and knees and a depressive disorder. *Id.* In the third step, the ALJ found those severe impairments did not meet and were not the equivalent of any listed impairments. (Doc. 16-1, 24). The step three analysis continued with the ALJ determining the claimant retained the residual functional capacity ("RFC") to perform medium work with limitations on climbing ramps, stairs, ladders, ropes, and scaffolds, balancing, kneeling, stooping, crouching, crawling, reaching overhead, and understanding and carrying out detailed—but not complex—tasks and instructions. (Doc. 16-1, 26). Those restrictions led the ALJ to determine at the fourth step that the plaintiff could return to a previous job. (Doc. 16-1, 28). The ALJ therefore determined he was not under a disability between the alleged onset date and the date the decision was issued. (Doc. 16-1, 29).

The plaintiff then applied to the Appeals Council, which denied review on February 15, 2018. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, the plaintiff was 46 years old and living alone at the time of the hearing. He had a scattered

employment history of various odd jobs including auto detailing and sports officiating. He believes his physical and mental impairments render him disabled under the Act.

### III. STANDARD OF REVIEW

A person is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether

3

the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

The plaintiff alleges the ALJ failed to "properly develop the record" and consider his complaints under the procedures required by law. (Doc. 19, 5). He specifically alleges that the ALJ improperly viewed the record evidence selectively to determine he was not disabled, instead of considering the entire record. (Doc. 19, 8). Although the plaintiff points to numerous medical records he alleges should have led to a finding of disability, this is a muddying of the issue. (Doc. 19, 5-8). His burden is not to show that there is other evidence that might lead others to reach a different conclusion about his capacity for work, but that no reasonable person could reach the conclusion of the ALJ after considering the evidence. *Masterson*, 309 F.3d at 272; *Newton*, 209 F.3d at 452. The ALJ extensively detailed the assessed RFC, discussing reliability and persuasiveness of the records cited. (Doc. 16-1, 26-28). Although the plaintiff refers to numerous

medical records that might tend to show a shoulder impairment, there is no evidence provided that the RFC assessed is fundamentally incompatible with the record as a whole—the ALJ assessed a shoulder deficiency and explained the record basis for the level of remaining capacity. (Docs. 19, 6; 16-1, 27).

Plaintiff misstates the law by asserting that there "is no evidence in the record indicating that Plaintiff [is] not as limited as he alleges." (Doc. 19, 7) citing *Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009). The affirmative duty to prove disabling symptoms rests on a claimant. *Audler*, 501 F.3d at 448. On appeal, the claimant's burden is to show that no reasonable person could reach the same conclusion as the ALJ. *Watson*, 288 F.3d at 215 (5th Cir. 2002). A plaintiff does not meet that burden by simply pointing to evidence that might lead others to a different conclusion, since "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452. Without showing that a reasonable person must find differently than the ALJ, the Court is not empowered to second-guess an ALJ's resolution of conflicting evidence. The ALJ applied the correct legal standards in his analysis of Plaintiff's claims in this case, and substantial evidence in the record supports the ALJ's decision.

## V. CONCLUSION

Considering the above, the undersigned **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** to the docket of United States District Judge James Wesley Hendrix.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated September 6, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE